Shauck, J.
In the view which Ave take of the case it does not seem necessary to consider when the title to goods passes from the consignor to the consignee, whether under the general law of sales or under the particular terms of the order which was received by the plaintiffs in this case. Nor would it be helpful to analyze the apparently conflicting decisions in Avhich cases bearing more or less resemblance to this have been resolved according to the law of negligence.
It is admitted that the carrier received from the plaintiffs merchandise which they had consigned to T. M. Jones at Hopkinsville, Kentucky, and that, instead of making delivery to him, the carrier deliverd it to one Abe Rothschild. Was this the performance of-its contract? The bill of lading upon which, as is admitted, the carriage was undertaken is in the record. In none of its terms having any relation to the delivery of the consignment is there any attempt to vary the duty of the carrier as it is defined by law, unless it be in the following stipulation: “It is further agreed that said company shall not in any event be liable for any loss, damage or detention caused by the acts of God, civil or military authority or by rebellion, *351 piracy, insurrection or riot, or the dangers incident to a time of war or by any riotous or armed assemblage.” The duty which the law imposed upon the carrier was to transport the goods to Hopkinsville, and deliver them to the consignee named, unless prevented by the act of God or the public enemy. We need not consider whether the stipulation quoted is valid, nor whether it is more than an amplified statement of the legal exemption from liability, since no fact which would bring the case within the exemption of either the law or the stipulation is alleged or proved. This high obligation is imposed upon the carrier from considerations arising out of the fact that he has unqualified dominion of the goods for the purpose of carriage and delivery, and from the general course of business among consignors and consignees. The cases are numerous in which the carrier’s liability has been held to be upon contract, and that delivery to the wrong person is a conversion unless such wrong delivery is induced by the consignor. Many of the cases are collected by Mr. Hutchinson in his work on Carriers, sections 340 to 350, and notes.
The facts found by the trial court as to the order upon which the diamonds were forwarded by the plaintiffs, and the schemes by which Rothschild persuaded the carrier’s agent that he was the consignee, should not divert attention from the manifest breach of its undertaking. Rothschild’s imposition upon the plaintiffs did not induce them to consign the diamonds to him. It in no way affected their order to make delivery to T. M. Jones. The forged order upon which the consignment was made to Jones was a nullity. It established no contractual relations between the consignors and Jones. But if the plaintiffs had consigned the diamonds to Jones without having received any order whatever therefor, would it be sup *352 posed that the carrier could fill the measure of its obligation by delivering them to Rothschild? Rothschild did not gain possession of the diamonds by the misrepresentation which induced the plaintiffs to consign, them to Jones. The misrepresentation effective for that purpose was made to the carrier when he persuaded its agent that he was the consignee.

Judgment of the circuit reversed and that of the common pleas affirmed.